# MEMO ENDORSED



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | BRIAN G. MAXEY<br>*Assistant Corporation Counsel*<br>Tel: (212) 788-0987<br>Fax: (212) 788-9776 |

December 21, 2007

BY HAND
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/08
```

      Re: <u>Senghor Delbeau v. City of New York et al.</u>, 07 CV 10339 (LAK)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendant City of New York. I am writing with the consent of plaintiff's counsel, Brett Klein, Esq., to request a forty-five-day enlargement of time, from December 24, 2007 to February 7, 2007, within which this office may answer or otherwise respond to the complaint. Additionally, the parties request that the initial conference currently scheduled for January 18, 2007, at 10:00 a.m., be adjourned to a date convenient for the Court after the answer is due, and that the time period to file a consent scheduling order be accordingly adjusted. This is the City's first request for an enlargement of time in this action.

    The plaintiff alleges, *inter alia*, that he was subjected to false arrest, false imprisonment, excessive force, malicious prosecution, and unlawful search in violation of his constitutional rights. Plaintiff also alleges state law claims including false arrest, assault, and battery. In addition to the City of New York, plaintiff also names Police Officer Daniel Stellar.[1]

---

[1] Upon information and belief, Police Officer Daniel Stellar has not been served in this matter.

*[Handwritten endorsement:]* So Ordered as to enlargement of time by consent only.

LEWIS A. KAPLAN, USDJ   1/3/08

   Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case and forward to plaintiff for execution authorizations for the release of the underlying arrest and prosecution records, which may have been sealed pursuant to NYCPL § 160.50. Without the underlying records, the defendants cannot properly assess this case or respond to the complaint. Accordingly, the enlargement of time will afford us the opportunity to investigate the matter and to secure the relevant documents.

   This additional time should allow plaintiff to serve the individual defendant. Thereafter, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The officers must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

   In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until February 7, 2007, and to adjourn the January 18, 2007, conference until a date convenient for the Court.

   Thank you for your consideration in this regard.

                     Respectfully submitted,

                      Brian G. Maxey (BM 0451)

BY FAX
Brett Klein, Esq.
Attorney for Plaintiff