UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SENGHOR DELBEAU,

                               Plaintiff,

            -against-

CITY OF NEW YORK, DANIEL STELLER, and JOHN AND JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown).

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 10339 (LAK)(HBP)

JURY TRIAL DEMANDED

        Defendants City of New York ("City")[1], by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the first amended complaint, respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        4.    Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] A review of the docket indicates that defendant Daniel Steller has not been served.

5. The allegations set forth in paragraph "5" of the complaint are not averments of fact, and therefore do not warrant a response.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City maintains a police department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. The allegations set forth in paragraph "10" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

11. The allegations set forth in paragraph "11" of the complaint are legal conclusions, not averments of fact warranting a response.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was in the vicinity of 42nd Street between 5th and 6th Avenues on August 17, 2006.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "16", inclusive of this answer, as is fully set forth herein.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "22", inclusive of this answer, as is fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "25", inclusive of this answer, as is fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "29", inclusive of this answer, as is fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "32", inclusive of this answer, as is fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "35", inclusive of this answer, as is fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "38", inclusive of this answer, as is fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "41", inclusive of this answer, as is fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "43", inclusive of this answer, as is fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint, including subparts A-D.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "53", inclusive of this answer, as is fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint, except admit that a document purporting to be a notice of claim was filed with the City.

56. Denies the allegations set forth in paragraph "56" of the complaint, except admit that no payment has been made by the City.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "59", inclusive of this answer, as is fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "62", inclusive of this answer, as is fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "65", inclusive of this answer, as is fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "71", inclusive of this answer, as is fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "74", inclusive of this answer, as is fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "77", inclusive of this answer, as is fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "80", inclusive of this answer, as is fully set forth herein.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "83", inclusive of this answer, as is fully set forth herein.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. In response to the allegations set forth in paragraph "86" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "85", inclusive of this answer, as is fully set forth herein.

87. Denies the allegations set forth in paragraph "87" of the complaint.

88. In response to the allegations set forth in paragraph "88" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "87", inclusive of this answer, as is fully set forth herein.

89. Denies the allegations set forth in paragraph "89" of the complaint.

- 8 -

90. Denies that the plaintiffs are entitled to any of the relief demanded in paragraph "90" of the complaint or subsections A-D, immediately following paragraph "90".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

91. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

92. The City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

93. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

94. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

95. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

96. Plaintiff provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

97. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

98. The arrest and detention of plaintiff was privileged.

**WHEREFORE,** defendant City of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

February 7, 2008

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>City of New York
>Attorney for Defendant
>City of New York
>100 Church Street
>New York, New York 10007
>(212) 788-0987
>
>By:     /S/ Brian G. Maxey
>BRIAN MAXEY

To:    Brett H. Klein, Esq.
       Leventhal & Klein
       45 Main Street, Suite 820
       New York, NY  11201


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SENGHOR DELBEAU,

                                                Plaintiff,

-against-

CITY OF NEW YORK, DANIEL STELLER, and JOHN AND JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown).

                                              Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
   *Attorney for Defendant City of New York*
   *100 Church Street, 3-178*
   *New York, N.Y. 10007*

   *Of Counsel: Brian G. Maxey*
   *Tel: (212) 788-0987*
   *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................., 2008 . . .*

*...................................................................Esq.*

*Attorney for...........................................................*